Weldon, J.,
delivered the opinion of the court:
The claimant alleges as a cause of action, an unpaid balance due him as a lieutenant-commander in the Navy, for a period commencing on the 20th day of February and ending on the 11th of May, 1886. During that time he was paid for “ shore *17 service,” when, as be alleges, be should have been paid for “sea service,” and tbis suit is brought to recover the difference of pay between the two forms of duty» A case very similar, if not identical with the one made by the findings in tbis proceeding, was determined by this court in favor of the claimant, which, on appeal, was affirmed by the Supreme Court. (Symonds v. United States, 21 C. Cls. R., 148; 120 U. S. R., 46.)
It is argued by counsel for the Government that'this case does not come within the law announced in the Symonds Case, because of a difference in fact between a receiving ship and a training ship in the character of service performed on each.
The ship in the Symonds Case (the New Hampshire) was ordered by the Secretary of the Navy, on the 30th of June, 1881, in commission “ for sea service,” but on the 7th of July, 1882, that order was modified as follows: “ Will not be considered in commission for sea service.” The nature of the service continued under the second order, although the technical commission of tfie ship was changed by the direction of the Secretary. Notwithstanding that change, the Court of Claims held that the original service being essentially sea service was unaffected by the order of the Secretary, and this view of the law was affirmed by the Supreme Court.
Section 1571 Bevised Statutes was intended to define sea service, and it is not reserved to the Secretary of the Navy to perform that duty by a regulation. (Symonds Case, 21 C. Cls. R., 154.)
Said section provides:
“No service shall be regarded as sea service except such as are performed at sea, under the orders of a Department, and in vessels employed by authority of law.”
Unde .’ this provision of the statute three facts are necessary to constitute sea service, to wit, “performed at'sea” — “under the orders of a Department ” — “ employed by authority of law.” If these concur in a given service they confer upon the party the legal right to have the pay allowed by law for such service.
“At sea,” as was determined in the Symonds Case, does not require that the ship be on the “ high sea,” but upon waters of the sea. And the condition of the Wabash, the ship in this case, is, in law and fact, the exact condition of the ship iff the Symonds Case. “ Under the orders of a Department,” as used *18 in tbe statute, simply requires that tbe service for which the party claims shall be performed by the direction and at the instance of a Department. Without the sanction, requisition, or order of a Department, the services would be without legal consideration; and for such services no recovery could be had. But while the sanction or order of a Department is necessary, it does not follow that such Department may arbitrarily indicate the legal character of such service, and thereby determine the compensation incident to such service.
No question can arise in this case upon the last requisite “employed by authority of law,” because the vessel belonged to the Navy, and was in the service of that branch of the Government in the performance of a duty clearly within the power of that Department. The Supreme Court says:
“ We concur in the conclusion reached by the Court of Claims, namely, that the sea pay given in section 1556 may be earned by services performed under the orders of the Navy Department, in a vessel employed with authority of law in active service in bays, inlets, roadsteads, or other arms of the sea, under the general restrictions, regulations, and requirements that are incident or peculiar to service on the high seas. She was a training-ship, anchored in Narragansett Bay during the whole time covered by the claim of appellee, and was subject to such regulations as would have been enforced had she been put iu order and used for the purpose of cruising, or as a practice ship at sea. Within the meaning of the law, Symonds, when performing his duties as executive officer of the New Hampshire, was ‘ at sea.’”
The defense seeks to distinguish the services in this case from the service in the Symonds’s, and much stress is laid on the term “ active,” as used by the Supreme Court in the designation of the duty performed by Symonds. It is impossible to discriminate in law between the services in the two cases. The one may be more active, than the other, but they are both active in the performance, of a duty, differing, it may be, in degree, but not affecting the question of compensation.
The highest form of activity may be discharged in a naval engagement, and the lowest form may be on a receiving ship, but the court can not establish legal principles founded on degrees of activity. Such a distinction would introduce into the administration of the law an element subversive of-general principles, and tend to the confusion of a system which otherwise would be plain and consistent.
*19 The issue is not a question of discipline or government in the Navy, and does not affect the prerogative of the Secretary; but it is a simple question of compensation — of pecuniary right, and to the forum of judicial determination, must that right be committed.
Unable as we are to discern any difference in law between the Symonds Case and the case of the claimant, we must follow the authority of the Supreme Court and find the issues for the petitioner. It is, therefore, the judgment of the court that he recover from the defendants the sum of $111.20.