Peelle, J.,
delivered the opinion of the court:
The claimant, a lieutenant-commander in the United States Navy, was attached to and served upon the U. S. S. Mohican, from May 23, 1893, to March 26, 1895, during which time he was paid the sea paj' of his grade after five years’ service, as provided by the Revised Statutes, section 1556, being $2,600 per annum, except during the period from October 10 to November 14, 1894, when he was by proper orders sent to the naval hospital at Mare Island, Cal., on account of gunshot wound received in the line of duty.
No order was issued detaching him from the Mohican while thus confined in the hospital, and when discharged therefrom he returned to his ship and continued to serve there until March 26, 1895.
During the period of his confinement in the hospital he was paid at the rate of $2,200 per year, being the shore pay of his grade, and he now seeks recovery of the difference between *224 the sea pay and shore pay of his grade and also the commutation for one ration, which latter is authorized by .Revised Statutes, section 1578, to be paid to all officers “while at sea or attached to seagoing- vessels.”
The only question in this case is, was the period during which the claimant served in the hospital “sea service” within the meaning of section .1571, for if it was, then he is entitled to recover. That section reads:
“No service shall be regarded as sea service except such as shall bo performed at sea under the orders of a department and in vessels employed by authority of law.”'
The question at once arises, What is “sea service?” In the case of the United States v. Symonds (120 U. S., 46, 50, affirming the judgment of this court, 21 C. Cls. R., 148), it was held that the “sea pay given in section 1556 may be earned by services performed under the orders of the Navy Department in a vessel employed, with authority of law, in active service in bays, inlets, roadsteads, or other arms of the sea, under the the general restrictions, regulations, and requirements that are incident or peculiar to service on the high sea;” and this, too, notwithstanding, while performing such service, the Secretary of the Navy had issued an order to the effect that thereafter on a certain date the vessel on which the claimant was serving would “not be considered in commission for sea service.”
In respect thereto the court said:
“But Congress certainly did not intend to confer authority upon the Secretary of the Navy to diminish an officer’s compensation as established by law by declaring that to be shore service which was in fact sea service, or to increase his compensation by declaring that to be sea service which was in fact shore service. The authority of the Secretary to issue orders, regulations, and instructions, with the approval of the President, in reference to matters connected with the naval establishment, is subject to the condition, necessarily implied, that they must be consistent with the statutes which have been enacted by Congress in reference to the Navy. He might, with the approval of the President, establish regulations in execution of or supplemental to, but not in conflict with, the statute defining his powers or conferring rights upon others. The contrary has never been held by this court.”
*225 Later, in the case of the United States v. Strong (125 U. S., 656, affirming the judgment of this court, 23 C. Cls. R., 10), it was ruled, in effect, that where, by order of the Secretary of the Nav}r, an officer served on a recruiting ship at anchor in a port at a navj’-yard, but not in commission for sea service, he was entitled to sea pain
It will thus be seen that in the construction of the language of the section defining what “service shall be regarded as sea service,” the courts have been guided by the evident purpose and spirit of the section as well as by the words used.
The higher rate of pay for sea service is given, not alone because of the greater risk, requirements, and restrictions incident to sea service, but because of the extra expense thereby necessitated to those officers who have families to care for in their absence.
The section as to the character of the service required contains three provisions: (1) The service “shall be performed at sea;” (2) the service shall be “under the orders of a Department,” and (3) the service shall be “in vessels employed by authority of law.”
The claimant was attached to a vessel employed by authority of law, and while serving at sea, in the line of duty, received a gunshot wound which necessitated his removal to the hospital; and while he was ordered to the hospital he was not detached from his vessel, so that he was temporarily absent, not on his own motion, but by reason of the misfortune incurred in the line of duty.
This class of cases was sought to be met by paragraph 1154 of the Navy Regulations (1896) wherein, among other things, it is provided:
“An officer temporarily absent from a ship in commission to which he is attached shall continue to receive sea pay.”
We do not believe the regulation contravenes the statute, as construed in the Symonds case, so long as the officer is attached to a vessel — in commission — to which he owes service.
The status of the ship must determine the right of the officer attached thereto. That is to say, if a ship to which an officer is attached is in commission — performing sea service— *226 his temporary absence therefrom, by authority, as in this case, will not deprive him of his right to sea pay.
It follows that if the claimant is entlod to sea pay he is also entitled under Revised Statutes, section 1578, to commutation for one ration, which by Revised Statutes, section 1585, is ñxed at 30 cents per day.
This latter claim is not seriously controverted by the counsel for. the United States, as he says “the claimant may be considered as attached to a seagoing vessel.”
For the reasons we have given and in the belief that the Navy regulation referred to is not in conflict with the statute defining sea service, the claimant is entitled to recover the amount he claims, and judgment will therefore be entered accordingly.