Atkinson, J.,
delivered the opinion of the court:
The claimant, Oscar W. Farenholt, during the period covered by the claim for which he sues, was a captain in the United States Navy of more than twenty years’ service and is now on the retired list with the rank of rear-admiral. While on duty at the navy-yard at Boston he was ordered to proceed to San Francisco, thence to Manila, P. I., and from there to Cavite, where he was to assume the duties of commandant of the naval station at that place. He performed shore duty at Cavite from August 27, 1900, until September 22 of said year, when, upon the recommendation of a medical board of survey, he was ordered to proceed to Yokohama, Japan, and report to the surgeon in charge of the hospital at that place for treatment. In obedience to this order he remained at the hospital until December 19, 1900, when he ivas ordered to proceed to Hongkong, China, and assume command of the,'Monadnock for sea duty.
Claimant was allowed shore-duty pay from the time he left Boston until his arrival at Cavite, which, for an officer of his rank and service, is at the rate of $3,825 per year, which is likeivise the pay of an officer of -the Army' of corresponding rank and service, less 15 per cent for duty on shore. During the time he was in charge of the navy-yard at Cavite he was paid at the rate of shore-duty pay beyond seas, with an increase of 10 per cent on his minimum pay; and from the time he left Cavite, and during the time he was at the hospital at Yokohama, his pajr was ah the same rate he received while he was traveling from Boston to Caidte.
Claimant brings this suit to recover the full pay of an officer of his grade as if he were on shore duty beyond seas, including the 10 per cent allowed to army officers, from the time he left Boston until he ivas discharged from the hospital at Yokohama, Japan, which amounts to $412.48.
*119 The defendants’ contention is that while the claimant was proceeding from Boston to Cavite he was not performing “ shore duty beyond seas ” within the meaning of the statute, and, further, that while going from Cavite to the hospital at Yokohama and while in the hosjoital at Yokohama he was not performing “ shore duty beyond seas,” which allows the full maximum pay for shore service beyond seas.
Section 13 of the act of March 3, 1899 (30 Stat. L., 1007), commonly called “ The navy personnel act,” provides as follows:
“ That after June 30, 1899, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty; but this provision shall not appy to warrant officers commissioned under section twelve of that act: Provided further, That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the Army detailed for duty in similar places.”
The army appropriation act of May 26, 1900 (31 Stat. L., 211), contains the following provision:
“ That hereafter the pay proper of all officers and enlisted men serving in Porto Eico, Cuba, the Philippine Islands, Hawaii, and in the Territory of Alaska, shall be increased ten per centum for officers and twenty per centum for enlisted men over and above the rates of pajr proper as fixed by law in time of peace.”
The naval appropriation act of March 3, 1901 (31 Stat. L., 1108), provides as follows:
“ That officers of the Navy, and officers and enlisted men of the Marine Corps, who have been detailed, or may hereafter be detailed, for shore duty in Alaska, the Philippine Islands, Guam, or elsewhere beyond the continental limits of the United States shall be considered as having been detailed for ‘ shore duty beyond seas,’ and shall receive pay accordingly, with such additional pay as may be provided by law for service in island possessions of the United States.”
*120 In referring to the proviso in the section of the navy personnel act above quoted, claimant’s counsel says, “ the language is not ‘ when naval officers are on duty beyond seas,’ but ‘ when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the Army detailed for duty in similar places.’ ” We do not agree with this technical construction of the language of the statute quoted. When a naval officer is detached from a duty to which he had formerly been assigned, and before he enters upon other duties under another order of assignment at another place, his pay should be shore pay as if within the continental limits of the United States, and the higher rate of pay should date from the time he enters upon the new duties to which he has been assigned. In other words, when an officer is detached from one service, he is not attached to another until he has entered upon the duties of such assignment.
The contention of claimant for sea pay while in transitu from an assignment from shore duty to enter upon duty beyond seas has been determined by this court in the first opinion rendered in the case of Charles M. Thomas v. The United States (38 C. Cls. R., 113), and reiterated in its second opinion in that case (ibid., 719). In said case the claimant received similar orders to those issued to the claimant in the case at bar. In the Thomas case (p. 121) the court said:
“ 2. As to the claim for sea pay while traveling under the order of the Navy Department in a merchant vessel from December 2 to December 12, 1899, such travel being from Barbados, the place of his detachment from the U. S. S. Lancaster, the decision in the case of Ryan v. The United States (38 C. Cls. R., 143), now decided, is controlling, and following that decision the claimant is not entitled to recover sea pay during such travel subsequent to the detachment from the vessel in which he was performing sea service. Nor is the claimant entitled to recover sea pay while traveling to his post of duty on a merchant vessel from San Francisco to Hongkong, for the reason that when he was detached from the U. S. S. Lancaster he thereby ceased to perform sea service and became entitled to the lower or exceptional rate of. pay provided for by the proviso to section 13, and that rate of pay continued until he reached the vessel to ivhich he was subsequently assigned, as ‘ no service shall be regarded *121 as sea service except such, as shall be performed at sea under the order of a Department and in a vessel employed by authority of law.’ ”
The same principal was plainly declared in the cases of Collins v. The United States (37 C. Cls. R., 222), Ryan v. The United States (38 C. Cls. R., 143), and also in Ackley's case (40 C. Cls. R., 216).
The case of Thomas v. The United States (supra) was taken to the Supreme Court upon cross appeal, and the conclusion herein announced was there sustained.
For the reasons we have assigned judgment is awarded to claimant for fifty-four dollars and thirty-five cents ($54.35), for that portion of his claim which involves the computation of 10 per cent increase upon the maximum pay of his grade while on shore duty beyond seas at Cavite, P. I., and that no further allowance can be made for additional pay to claimant, as set forth in the findings herein.