Baeney, J.,
delivered the opinion of the court:
The claimant during the period covered by this claim was a commander of more than 20 years’ service in the United States Navy. Prior to January 12, 1909, he wjis on shore duty at the United States naval station at Olongapo, P. I. On that date, by the terms of an order under date of January 8, 1909, he was detached from that station and ordered to proceed home by taking passage on the Army transport which was to leave Manila at an early date. In accordance with this order he left the station at Olongapo January 12, 1909, and- from January 13,1909, until the date of his arrival at San Francisco, Cal., February 16, 1909, he was traveling on his return to the United States in pursuance of said order.
At the date claimant was detached from duty at Olongapo he was receiving pay at the rate of $4,500 per annum plus 10 per cent for duty beyond seas, equal to $4,950 per annum. During the time he was returning to the United States he was paid at the rate of $4,500 per annum only and was refused the increase of 10 per cent. This increase during that period would have amounted to $42.50, and this suit is to recover that sum.
In the case of McCully v. United States (42 C. Cls., 275) this court decided that under the law as it then existed an *190 officer detached from shore duty beyond seas and ordered home continues to be entitled to his 10 per cent increase until his return to the United States. This decision was based upon the act of March 3, 1899 (30 Stats., 1007), the act of March 2, 1901 (31 Stats., 903), and the act of March 3, 1901 (31 Stats., 1108), and the question involved in this suit is whether Congress by the act of May 13,1908 (35 Stats., 127), has so changed or modified the law as construed by this court in the McOully case as to deprive naval officers of the right to increased pay while returning home upon orders from foreign stations. The act of March 3, 1899 (supra), provided :
“That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the Army for duty in similar places.”
The act of March 2, 1901 (supra), making appropriations for the support of the Army, provided:
“ That hereafter the pay proper of all officers and enlisted men serving beyond the limits comprising the Union and Territories of the United States contiguous thereto shall be increased ten per centum for officers and twenty per centum for enlisted men over and above the rates of pay proper as fixed by law for time of peace, and the time of such service shall be counted from the date of departure from said States to the date of return thereto.”
The act of March 3, 1901 (31 Stats., 1108), making annual appropriations for the naval service, provided:
“That officers of the Navy and officers and enlisted men of the Marine Corps who have been detailed or may hereafter be detailed for shore duty in Alaska, the Philippine Islands* Guam, or elsewhere beyond the continental limits of the United States shall be considered as having been detailed for ‘ shore duty beyond seas ’ and shall receive pay accordingly, with such additional pay as may be provided by law for service in island possessions of the United States.”
The act of May 13, 1908 (35 Stats., 128), making annual appropriations for the naval service, inter alia, provided:
“ Hereafter all commissioned officers of the active list of the Navy shall receive the same pay and allowances accord *191 ing to rank and length of service, and the annual pay of each grade shall be as follows:
‡
“ Commander, $3,500.
*****
“ There shall be allowed and paid to each commissioned officer below the rank of rear admiral ten per centum of his current yearly pay for each term of five years’ service in the Army, Navy, and Marine Corps. The total amount of such increase for length of service shall in no case exceed forty per centum on the yearly pay of the grade as provided by law: Provided, That the annual pay of captain shall not exceed five thousand dollars per annum, of commander four thousand five hundred dollars per annum. * * *
“All officers on sea duty and all officers on shore duty beyond the continental limits of the United States shall while so serving receive ten per centum additional of their salaries and increase as above provided, and such increase shall commence from the date of reporting for duty on board ship or the date of sailing from the United States for shore duty beyond the seas or to join a ship in foreign waters.
* * * * *
“ Nothing herein shall be construed so as to reduce the pay or allowance now authorized by law for any commissioned, warrant, or appointed officer, or any enlisted man of the active or retired lists of the Navy, and all laws inconsistent with this provision are hereby repealed.”
It is argued by the Government that the decision in the McCully case depended upon the language of the act of March 2, 1901 (supra), made applicable to the Navy by the Navy personnel act (30 Stats., 1007) and the act of March 3, 1901, which provides in express terms that “ the time of such service shall be counted from the date of departure from said States to the date of return thereto; ” and that the act of May 13, 1908 (supra), in effect repeals the personnel act, providing, as it does, specifically for all Navy pay. Much stress is also put upon the fact that the latter act provides in express terms that “such increase shall commence from the date of reporting for duty on board ship or the date of sailing from the United States,” without saying that it shall extend to the date of return thereto. In other words, it is urged that we are to look alone to the act of May 13, 1908, in order to determine the pay of a naval officer who is *192 ordered for service beyond the limits of the United States and Territories. We would feel forced to adopt this interpretation, perhaps, were it not for the fact that it is also provided.in the act of May 13, 1908, that—
“Nothing herein shall be construed so as to reduce the pay or allowance now authorized by law for any commissioned, warrant, or appointed officer, or any enlisted man of the active or retired lists of the Navy, and all laws inconsistent with this provision are hereby repealed.”
When the latter act was presented to Congress the report of the House Committee on Naval Affairs shows that the object of the law was to “place the officers of the Army,, Navy, and Marine Corps exactly on the same basis as to pay.” (H. Rept. No. 1224, 60th Cong., 1st sess., p. 7.)
Talcing into consideration the language of the act last quoted and the object of the law as reported by the committee in charge of the bill, and the further fact that we are reluctant to give such an interpretation to. the statute as would make such an unjust discrimination between the pay of officers of the Army and officers of the Navy, we are inclined to hold that officers of the Navy are still entitled to the.benefit of the act of March 2, 1901 (supra), so far as relates to the length of time during which they are entitled to the increased 10 per cent of pay.
Judgment is therefore ordered for the claimant in the sum of $42.50.