Booth, J.,
delivered the opinion of the court:
The claimant, Joseph E; McDonald, was during the period covered by this suit an assistant paymaster in the Navy, with the rank of lieutenant, junior grade. 'While serving on board the U. S. S. Chattanooga of the Pacific Fleet, he was on December 3, 1908, by proper order, detached therefrom and ordered to the United States. In pursuance of said order he departed from Manila, P. I., on board the Army transport Sheridan December 15, 1908, arriving at San Francisco, Cal., January 13,1909. From December 4 to December 14, 1908, he was at Manila awaiting the sailing of the Sheridan. This suit is to recover 10 per cent increase in pay for the time elapsing between the date of his detachment from sea service until the date of his arrival at San Francisco; in other words, from December 4, 1908, until January 13, 1909.
The act of May 13, 1908 (35 Stat. L., 128), provides as follows:
“All officers on sea duty and all officers on shore duty beyond the continental limits of the United States shall while so serving receive ten per centum additional of their salaries and increase as above provided, and such increase shall commence from the date of reporting for duty on board ship or the date of sailing from the United States for shore duty beyond the seas or to join a ship in foreign waters.
*******
“ Nothing herein shall be construed so as to reduce the pay or allowance now authorized by law for any commissioned, warrant, or appointed officer, or any enlisted man of the active or retired lists of the Navy, and all laws inconsistent with this provision are hereby repealed.”
*126 The language of the statute is direct and specific. It is comprehensive in its scope and fixes with preciseness the exact period for the commencement of the extra pay allowed by its terms. There would of necessity be no difficulty in ascertaining the intent of the Congress and accurately applying it to existing cases, notwithstanding no provision is made for the pay of officers detached from duty while in foreign seas or on foreign shores for the period of time covering their return to the United States, were it not for the last provision respecting any reduction in pay theretofore allowed by law. The first section of the act obviously intended to assimilate the pay of all officers performing similar duty under similar circumstances; but the last section, equally clear and direct, saves to all officers coming within the provisions of the act any legislative discrimination theretofore existing and preserves intact the full pay and allowances fixed by the statutes in force at the time of the passage of the act of May 13, 1908.
The act of March 2, 1901 (31 Stat. L., 903), followed by the act of March 3, 1901 (31 Stat. L., 1108), provided in terms for extra pay for shore duty beyond the limits of the United States and expressly applied the accounting thereof “ from the date of departure from said States to the date of return thereto.” This court, in McCully v. United States (42 C. Cls., 275), applied these statutes to naval officers on shore duty beyond seas,, and by the assimilating clause of the act of March 3, 1899 (30 Stat. L., 1007), allowed the extra pay. Hence it is apparent that the second section of the act of May 13, 1908, as heretofore quoted, saved to the officers, both Army and Navy, for shore duty beyond seas the pay fixed by the foregoing enactments.
In Gearing v. United States (46 C. Cls., 187) the court said, in response to a contention that the act of May 13,1908, repealed the statutes upon which the McCully case was predicated:
“ We would feel forced to adopt this interpretation, perhaps, were it not for the fact that it is also provided in the act of May 13, 1908, that ‘ Nothing herein shall be construed so as to reduce the pay or allowance now authorized by law. *127 for any commissioned, warrant, or appointed officer, or any enlisted man of the active or retired lists of the Navy, and all laws inconsistent with this provision are hereby repealed.5 ”
Thus we are brought to the anomalous situation of distinct, legislation providing for extra compensation for foreign shore duty calculated upon a period of time extending from departure from the United States to date of return thereto for both Army and Navy officers, and a statute restricting the same quantum of extra allowance in case of sea service to a computation extending only to the time consumed in reaching the assignment for sea duty. There is no escape from this conclusion, for prior to the act of May 13, 1908, there was no statute giving officers a 10 per cent increase in pay subsequent to detachment abroad from sea duty, unless while returning they were actually in the performance of sea duty. The second section of the act of May 13, 1908, has no application to the service here claimed for.
In United States v. Thomas (195 U. S., 418) the Supreme Court declined to extend the benefits of extra compensation provided for Army officers for service beyond the limits of the United States under the acts of May 26,1900 (31 Stat. L., 211), and March 2, 1901 (31 Stat. L., 903) , to naval officers performing sea service under similar conditions, and doubtless the act of May 13, 1908, was enacted with this decision in view. Just why the period of computation in ascertaining the beginning and ending of the extra per centum allowed is so specifically circumscribed is difficult to perceive. Nevertheless the express language of the act so provides, and in the absence of no better reason than the apparent inequalities in the pay provided, we must be governed by the express provisions of the law.
The contention as to the performance of shore duty beyond seas while the claimant was awaiting the sailing of the transport Sheridan and his alleged sea-duty status while aboard said vessel en route to the United States is governed by the decision in Farenholt v. United States (42 C. Cls., 114).
The petition is dismissed. It is so ordered.