Atkinson, Judge,
delivered the opinion of the court:
Claimant was an assistant surgeon in the Navy with the rank of lieutenant (junior grade). Under proper military orders he performed service as follows: From July 17, 1900, to October 10, 1900, on shore with a detachment of Marines in China; from October 11,1900, to October 19,1900, traveling aboard the U. S. S. Zafiro from China to reach assignment to duty at Cavite, P. I., and from October 20, 1900, to December 19, 1900, on duty at the naval hospital, Cavite, P. I.
Claimant was allowed pay by the Treasury Department from July 17 to October 5, 1900, the sea pay of his grade, namely, the pay of a first lieutenant in the Army, mounted, after five years’ service, or $1,760 per annum; from October 6 to October 19 he was allowed the shore pay of his grade, namely, the pay of a first lieutenant in the Army, mounted, after five years’ service, less 15 per cent thereof, or $1,496 per annum; and from October 20 to December 19 he was allowed the foreign shore-duty pay of his grade calculated on the basis of his minimum pay, or $1,632 per annum.
He claims in his petition that he should have been paid for these three periods as follows:
1. From July 17 to October 5, at the rate of $1,936 per annum, or his maximum normal pay plus 10 per cent of this maximum on account of foreign shore service.
2. From October 6 to October 19, at the rate of $1,760 per annum, or sea pay.
3. From October 20 to December 19, at the rate of $1,936 per annum, or his maximum normal pay plus 10 per cent of this maximum on account of foreign shore service.
*462 Item 1. Under this item he sues to recover the difference between sea and shore duty .pay beyond seas while serving with the First Regiment of United States Marines at Tientsin, China, as set forth in Finding III. He received only the pay of an Army officer of corresponding rank, but should have been allowed 10 per cent additional thereto for shore duty beyond seas. See act of May 26, 1900, 31 Stats., 211; 30 Stats., 1007; United States v. Mills, 197 U. S., 223. He is therefore entitled to recover under this item $44.73 more than he has received, because we believe that the original order of Rear Admiral Remey, together with the third and fourth indorsements thereon (Finding II), clearly shows that the services to be and which were rendered by claimant in China with the United States Marines were shore duties and not duties at sea.
Item 2. This is a claim for the difference between Army shore pay, mounted, and Army sea pay, mounted, as shown by Findings IV and V, while traveling as a passenger from Taku, China, to Cavite, P. I. During the period from October 6 to October 19, 1900, claimant was traveling under orders, but merely as a passenger on the U. S. S. Zafiro, a naval vessel in the employ of the United States. We do not believe that claimant is entitled to recover under this item. Section 1571 of the Revised Statutes provides that “ No service shall be regarded as sea service except such as shall be performed at sea, under the orders of a department and in vessels employed by authority of law.” It is true that claimant was traveling under orders, but his orders were not to perform sea service in the sense required to entitle him to sea pay-
We think this item is controlled by Farenholt's case, 42 C. Cls., 114, wherein it was held that an officer on duty beyond seas is not entitled to the extra 10 per cent allowed to officers of the Navy detached for shore duty beyond seas by the act of March 3, 1901, 31 Stats., 1108, unless he rendered such service. Whilst it is true the claimant is not applying for shore-duty pay beyond seas, but is applying for sea-duty pay, therefore the converse would be that he is not entitled to sea-service pay; because an officer detached from one service is not attached to another until he enters upon its duties. *463 He had been relieved from shore duty at Tientsin and was traveling as a passenger on a Government transport, as before stated, to Cavite, P. I., to enter upon like service at that place. United States v. Thomas, 195 U. S., 418; Ryan v. United States, 38 C. Cls., 143; Schoonmaker v. United States, 19 C. Cls., 170. We therefore hold that during this journey from China to the Philippine Islands claimant was only entitled to shore pay, which pay he received.
Item 3. Under this item he claims 10 per cent increase for shore-duty pay beyond seas above the pay of an officer of the Army of corresponding rank, from October 20 to December 19, 1900, in hospital work at Cavite, P. I. He is entitled to pay for this service as an officer of the Army of corresponding rank, at mounted rates plus 10 per cent increase for shore duty beyond seas at $1,936 per annum. During this period claimant performed shore duty beyond seas pursuant to an order detailing him for such duty, and as the Philippine Islands constituted a foreign station for the purpose of extra pay under the act of May 26, 1900, 31 Stats., 211, which was in force when he performed this service, he is therefore entitled during this period to 10 per centum additional compensation calculated on the basis of his maximum pay of $1,936, which would be $50.67 more than he had received.
For the reasons we have given we decide that claimant should recover judgment against the United States for the gum of $95.40, which is accordingly ordered.